EOD 5-28-99

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAY 28 1999

DAVID J. MALAND, CLERK
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| PAUL WAYNE NEILL and JULIE NEILL, | § | |
| PLAINTIFFS, | § § § | |
| VS. | § | CIVIL ACTION NO. 9:97CV0344 |
| WAL-MART STORES, INC. | § § | |
| DEFENDANT. | § | |

## FINAL JUDGMENT

On May 10, 1999, a jury was impaneled in this cause, and the parties proceeded to try all issues in the case before a jury. On May 13, 1999, the case was submitted to the jury on special interrogatories, and on May 13, 1999, the jury rendered its unanimous verdict in response to special interrogatories, as follows:

**Question 1:** The jury found that the negligence of Defendant Wal-Mart Stores, Inc. was a proximate cause of injury to Paul Wayne Neill.

**Question 2:** The jury found that the damages sustained by Paul Wayne Neill as a result of his injuries in the collision in question was $6,000,000.00.

**Question 3:** The jury found that the damages sustained by Julie Neill as a result of the injuries to Paul Wayne Neill in the collision in question was $2,000,000.00.

**Question 4:** The jury failed to find that the conduct of Defendant Wal-Mart Stores, Inc. was "malice".

**Question 5:** Not answered pursuant to the instructions of the Court.

The verdict of the jury was accepted and filed of record, and the jury was thereafter discharged.

The Court finds that in addition to the sums awarded by the jury, Plaintiffs are entitled to

FINAL JUDGMENT– Page 1

80                                                                                                  60P

recover pre-judgment interest under the laws of the State of Texas and particularly under TEX. FINANCE CODE §304.101 et seq. (formerly TEX. REV. CIV. STAT. ANN. art. 5069-1.05(6)). The Court finds that such prejudgment interest should be awarded on all damages recovered by Plaintiff at the rate of ten percent (10%) per annum, computed as simple interest, from the date on which the suit was filed (September 24, 1997) until the day before the date of entry of this judgment.

The Court further finds that the amounts awarded in this judgment are to draw post-judgment interest pursuant to 28 U.S.C. §1961. The Court finds that the interest rate allowable pursuant to 28 U.S.C. §1961 is  4.727 %, computed daily and compounded annually.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff Paul Wayne Neill do have and recover judgment of and from Defendant Wal-Mart Stores, Inc. in the amount of SIX MILLION AND NO/100 DOLLARS ($6,000,000.00), together with pre-judgment interest.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff Julie Neill do have and recover judgment of and from Defendant Wal-Mart Stores, Inc. in the amount of TWO MILLION AND NO/100 DOLLARS ($2,000,000.00), together with pre-judgment interest.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the entire amounts awarded by this judgment to Plaintiffs Paul Wayne Neill and Julie Neill, including awards for pre-judgment interest, shall accrue interest at a rate of  4.727 %, with such interest to be computed daily and compounded annually from the date of this judgment until paid.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs Paul Wayne Neill and Julie Neill shall recover their taxable court costs of and from Defendant Wal-Mart Stores,

FINAL JUDGMENT- Page 2

609

Inc.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that all relief prayed for by any party which is not expressly granted in this judgment is DENIED.

Signed this 26th day of May, 1999.

*John Hannah Jr.*
JUDGE PRESIDING

**FINAL JUDGMENT– Page 3**

610